# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GERBER SCIENTIFIC INTERNATIONAL, INC., | : | |
|     Plaintiff, | : | |
| | : | 3:06-cv-2024 (CFD) |
| v. | : | |
| | : | |
| ROLAND DGA CORPORATION, | : | |
| ROLAND DG CORPORATION | : | |
|     Defendants. | : | |

## RULING ON MOTION TO RECONSIDER

This case arises out of a patent dispute between plaintiff Gerber Scientific International, Inc. ("Gerber") and defendants Roland DGA Corporation and Roland DG Corporation (collectively, "Roland"). On January 14, 2011, the Court issued a Markman ruling on claim construction. Roland now moves for reconsideration of that ruling.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The Court should not grant a motion for reconsideration where the moving party seeks merely to re-litigate matters already addressed by the Court. Id.

First, Roland requests the Court reconsider its construction of the term "positional relationship." While both parties agree the phrase means "the relationship between the printed material and the peripheral edges of the graphic image," Roland argues the Court must also read into apparatus claim 16 an ordering of steps requiring that the peripheral edges must be defined

before the printed material.[1]  In its Ruling, this Court noted that while the method steps in claim 1 implicitly require that they be performed in a certain order, "order bias does not apply to the apparatus claims."  Ruling 16, ECF No. 193.  In its motion for reconsideration, Roland says the Court incorrectly assumed it was urging a construction that applies an order bias to all of the claim limitations, when it fact it was only seeking a construction of the phrase "positional relationship."  The Court assumed Roland was urging that construction because that is the construction Roland urged.  The subheading to section II.A of Roland DG's reply to the advisory briefing is "*All* the Claims Have an Order Bias."  (Emphasis added.)  Roland DG's initial advisory brief urges "the Court's order on claim construction should specifically state that: '*Every* claim of the '135 patent requires a certain order of steps.'"  (Emphasis added.)  Given Roland's argument that all claims should have an order bias, which it apparently now disclaims, the Court was not wrong to consider the language of dependant claim 20 in its analysis, as Roland suggests.

Nevertheless, Roland now asks the Court to consider whether or not an order bias should apply not to every claim of the '135 patent, but only to the phrase "positional relationship" found in apparatus claim 16.  Claim 1 claims a method for, in part, "defining printed material and a positional relationship of the printed material within the peripheral edges of the graphic image."  This Court held that method claim 1 implicitly required an ordering of steps, including that the peripheral edges would be defined before the printed material that has a positional relationship to those edges.  Ruling 16.  Claim 16 incorporates language from claim 1 (italicized below) to

---

[1] The phrase "positional relationship" also appears in apparatus claims 25 and 26.  Therefore, the Court's construction of the phrase "positional relationship" in claim 16 applies to claims 25 and 26 as well.

claim "second storage means for storing data *defining printed material and a positional relationship of the printed material within the peripheral edges of the graphic image*." This apparatus claim incorporates the language of claim 1 to describe what the "data" stored by the "second storage means" does. Therefore, to the extent apparatus claim 16 incorporates language describing the method of claim 1—which the Court ruled has an order bias—that order bias is incorporated into that apparatus claim. Not every apparatus claim requires a construction that applies an order bias, as Roland previously argued, but those apparatus claims which necessarily describe an ordered method as part of the description of what the apparatus does incorporate an order. Roland is correct that "a claim term cannot be given a different meaning in the various claims of the same patent." Georgia-Pacific Corp. v. United States Gypsum Co., 195 F.3d 1322, 1331 (Fed. Cir. 1999). Therefore, the Court construes the phrase "positional relationship" in claim 16 to reflect the same order bias the identical phrase has in claim 1. Although the Court's initial holding that order bias does not apply to the apparatus claims was not the kind of manifest error of law or fact to which a motion to reconsider is normally addressed, the Court takes this opportunity to clarify its previous construction.

Second, Roland requests the Court reconsider its construction of the term "printing means." This is a "means-plus-function" claim, so in construing it, the court must first determine the claimed function and then "identify the corresponding structure in the written description that performs that function." JVW Enterprises, Inc. v. Interact Accessories, Inc., 424 F.3d 1324, 1330 (Fed. Cir. 2005), citing Omega Eng'g, Inc. v. Raytek Corp., 334 F.3d 1314, 1321 (Fed. Cir. 2003). See also, 35 U.S.C. § 112, ¶ 6. To the extent the Court construed the disagreement between the parties over this term as a disagreement about function, the Court was incorrect.

Both parties agree the function is clearly described in the claims, namely "printing the printed material on a sheet material in positional relationship to the peripheral edges of the graphic image." The disagreement centers on which is the correct corresponding structure. Gerber argues the corresponding structure may be thermal printers, dot matrix printers, or line printers. Roland argues the corresponding structure is limited solely to thermal printing. In its Ruling, the Court adopted Gerber's construction, and held the corresponding structure was not limited to thermal printers. Ruling 8–9.

The specification states, "In one embodiment of the invention, the printing means is a thermal printer having a printing head and a roller plate over which the sheet material is fed during the printing operation." '135 Patent, Col. 2, Lines 62–65. It goes on to state, "The thermal printer disclosed has a stationary printing head that extends parallel to the width of the strip of material on which printing takes place; however, other types of printers including those with movable heads can also be employed." Id. Col. 14, Lines 23–27. Thus, while the specification anticipates that printers other than thermal printers may constitute "printing means," the specification does not state what those other kinds of printers may be. Because "alternative structures that are mentioned as mere possibilities but are not specifically identified as corresponding to the means for performing the identified function are not included within the patent's scope," Hale Propeller, L.L.C. v. Ryan Marine Products Pty., Ltd., 151 F. Supp. 2d 183, 190 (D. Conn. 2001), the Court was incorrect to not limit the corresponding structure to just thermal printers. When a specification states that other structures may be used in addition to the disclosed structure, but does not specifically identify those structures, the claim is limited to use of the disclosed structure. Fonar Corp. v. General Elec. Co., 107 F.3d 1543, 1551–52 (Fed. Cir.

1997).  For these reasons, the Court construes the phrase "printing means" to correspond to thermal printers only.

For the reasons set forth above, the defendants' motion for reconsideration [Dkt. # 195] is GRANTED.

SO ORDERED this 27th day of May 2011, at Hartford, Connecticut.

          /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**