3:06CV2024(AVC) 2/28/2013.  The plaintiff's motion to compel is granted in part and denied in part.  Local rule 26(e) provides that a privilege log must contain "(1) the type of document . . . ; (2) the general subject matter of the document . . .; (3) the date of the document . . .; (4) the author of the document . . .; and (5) each recipient of the document . . . ." Loc. R. Civ. P. 26(e).  In addition, Federal Rule of Civil Procedure 26(b)(5)(A) provides that a party claiming a document is privileged must, inter alia, "describe the nature of the documents [or] communications . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The court concludes that the defendant's privilege log fails to satisfy those requirements. Specifically, the defendant's privilege log fails to sufficiently identify the subject matter of the documents at issue.  The defendant shall submit an amended privilege log on or before March 11, 2013. The amended privilege log shall describe the subject matter of the documents with sufficient detail to allow opposing counsel, and the court, to determine whether the document is indeed privileged.  See U.S. v. Construction Products Research, Inc., 73 F.3d 464, 473 (1996) (citing Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 475 (S.D.N.Y. 1993)).

To the extent that the plaintiff's motion seeks disclosure of the author and recipient names, the motion is denied for the same reasons set forth in the court's April 18, 2012 order.

The request for attorney's fees in connection with the filing of the instant motion is granted.

So ordered.

                                                    _____/s/_____
                                                    Alfred V. Covello, U.S.D.J.